*Decision will be entered under Rule 50.*

ROBERT G. LASSITER & CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15882. Promulgated June 25, 1929.

*Benjamin W. Parham, Esq.*, and *J. Gilmer Korner, Jr., Esq.*, for the petitioner.

*Bruce A. Low, Esq.*, and *L. H. Rushbrock, Esq.*, for the respondent.

1156

OPINION.

SIEFKIN: The respondent has disallowed the deduction of the loss in question on two grounds—first, that the loss was the loss of R. G. Lassiter, an individual, rather than the loss of the petitioner, and, second, upon the ground that the loss was not sustained in the taxable year in question.

As to the first reason, we are satisfied that the respondent was clearly in error. The principal reason for the respondent's position seems to be that the original proposal and contract entered into with the Beaufort County Road Commissioners was signed Lassiter-Porter Co. by R. G. Lassiter, Wm. J. Porter and L. B. DeWitt. The evidence is overwhelming, however, both from the conduct of the parties and other documentary evidence originating during the period of the contract, as well as the understanding of the other contracting party, the county commissioners, that they were dealing with the petitioner rather than the individual, and that the petitioner was a party in interest in a joint venture, the other two parties to which were DeWitt and Porter. Money going to the Lassiter-Porter Co. in the form of

checks all came from the petitioner rather than the individual. The letter to the surety company asking a modification of the contract signed by DeWitt and Porter recites that they are jointly interested with the petitioner. The books of the petitioner show that it was the party in interest rather than the individual. There is no merit in the respondent's contention that the petitioner is not the party entitled to take the loss, if there was a loss.

As to the time the loss was realized, we are also clear that the Commissioner was in error. Beginning in 1919 and extending to January 31, 1922, the petitioner was engaged in a single continuing contract with the Board of County Road Commissioners for Beaufort County, North Carolina. The fact that in November, 1920, two individuals who were joint venturers with the petitioner, withdrew and left the petitioner to carry on alone, does not, in our opinion, affect the liability or the rights of the petitioner. Disinterested witnesses who represented the county in the negotiations looking to the retirement of DeWitt and Porter testified unequivocally that, so far as the county was concerned, there never was more than one contract, and that during that entire contract, the petitioner was considered the responsible party up to the time of acceptance of the work and final payment. That acceptance came during the fiscal year in question and settled the affairs of the petitioner so far as the county was concerned. That settlement, however, did not close the affairs of the petitioner with DeWitt and Porter on their venture, because it was not until the final settlement of the various claims filed against the Lassiter-Porter Co. during the incumbency of DeWitt that the petitioner was able to state fairly what its loss had been on the entire venture. This also happened during the fiscal year in question, and we hold that the loss was sustained during the year in question and that the respondent was in error in determining otherwise.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

GREEN dissents.